WILLIAM HARNEY v. CHICAGO, ROCK ISLAND & PACIFIC
RAILWAY COMPANY, Appellant.

**Master and servant:** NEGLIGENCE: DEFECTIVE APPLIANCES. It is the
1  duty of an employer to exercise reasonable care in furnishing
safe and suitable machinery and appliances for employés to
work with. In the instant case the jury may properly have
found defendant negligent in failing to provide one of the
several known safety appliances in connection with the opera-
tion of saws.

**Same:** ASSUMPTION OF RISK. An employé, in undertaking to do
2  a particular kind of work, assumes the risk ordinarily incident
thereto; but he does not assume the risk of using tools or
machines the danger of which is not known to him and which
may not be ascertained by the exercise of ordinary diligence:
so that a carpenter, unaccustomed to the operation of saws by
machinery, cannot be said as a matter of law to have assumed
the risk incident to the danger arising from the fact that the
teeth of the saw were liable to catch in the lumber and re-
verse its motion.

**Same:** DUTY TO WARN. Where an employer is not justified in as-
3  suming that the employé appreciated the risk it becomes
his duty to warn him of the danger; but where he has good
reason to believe that the employé understands the risk, fail-
ure to warn is not negligence.

**Same:** INSTRUCTIONS. Where the jury finds the employer negli-
4  gent in failing to warn the employé of the danger, a finding
that the employé did not assume the risk is not required;
since the finding of the employer's negligence involved a find-
ing that the employé was not aware of the danger.

*Appeal from Scott District Court.*— HON. D. V. JACKSON,
Judge.

THURSDAY, APRIL 9, 1908.

REHEARING DENIED TUESDAY, SEPTEMBER 29, 1908.

ACTION for damages resulted in a judgment against defendant, from which it appeals.— *Affirmed.*

*Carroll Wright, J. L. Parrish,* and *Cook & Dodge,* for appellant.

*Helmick & Boudinot, M. V. Gannon,* and *A. P. Mc-Guirk,* for appellee.

LADD, C. J.— In the fore part of March, 1904, the plaintiff applied to defendant for work as a carpenter, and was employed as such in its shops at Moline, Ill. When he came to work several days later, he was sent to the carpenters' department. He began on a block board, and thereafter engaged in repairing cabs to engines. In the room where the carpenters work was a table with openings for a circular ripsaw and also a crosscut saw. These were below the top, but, when used, were elevated through the openings to the height required. They were turned by electric powed; the current being controlled by a key. The plaintiff was informed that these saws were for use by the carpenters, and two or three days afterwards he was instructed that, " if any one comes and wants pieces sawed off, if you are around here, saw them off for them," as every one was not to use the saw. Some days thereafter he undertook to saw a piece from a board about five feet long, and in doing so set the gauge to cut it the width required. He then pushed the board with his right hand until the end had passed the further edge of the saw, when he stepped to the side of the table, and took hold of the piece with his thumb between it and the other strip of the board to pull it through. The teeth of the saw caught one or both parts of the board, and pulled it with his hand back so that all his fingers and thumb were severed from his hand.

I. The saw was without appliances to prevent its teeth from catching a board or timber being sawed on either side of

the cut, and throw it back, though the evidence that such appliances were in general use in that locality was undisputed. A divider is sometimes used. This is a piece of steel about six inches long so set as to separate the two pieces into which the saw cuts the board or timber, thereby rendering the space wide enough so that the teeth of the saw cannot catch either side. Another device is called the "press" or "feed rolls," which holds the thing being sawed close to the table, and prevents it from being drawn back. Still another is a hood which obstructs the board if caught by the saw so it cannot be hurled back. In omitting to furnish one of these safety appliances,. the jury might have found defendant not to have exercised that reasonable diligence exacted of it in furnishing machinery and appliances which were safe and suitable for use.

*1. MASTER AND SERVANT: negligence: defective appliances.*

II.   The court instructed the jury, however, that, as the omission of these was open to ordinary observation, no recovery could be predicated thereon, but that, if the danger in using the machine without them was not so obvious as to be appreciated, the rule would be otherwise. See *McCarthy v. Mulgrew,* 107 Iowa, 76; *Hanson v. Hammell,* 107 Iowa, 171. The danger that the saw in revolving would catch the board or timber as it reached the further edge of the saw, and draw or ,hurl it back, was not such as was likely to be apprehended by a person unaccustomed to such a machine. An expert in the use of machinery might foresee such a danger, but certainly an ordinary workman unaccustomed to the operation of machines ought not to be held to the anticipation of anything of the kind. It was not a danger which was so open and apparent to ordinary observation of an inexperienced workman that he should be conclusively held to have been aware of its existence. Every one in undertaking to do a particular kind of work assumes the risks ordinarily incident to such work; that is, he agrees to labor in the situation with the tools provided in so far as the condition of.

*2. SAME: assumption of risk.*

these are known or may be ascertained by ordinary diligence. But he does not assume the risk of using tools or machines, the danger of which is not known to him, and which might not have been ascertained by ordinary diligence. *Wilder v. Great Western Cereal Co.,* 130 Iowa, 263. The appellee, though fifty-three years of age and a carpenter by trade, had had no experience in the operation of machinery. Nor did he represent otherwise in applying for work as a carpenter, as is assumed in the argument of appellant. The employment of a carpenter is not to be confused with that of a machinist. A person may be skilled in both; but skill in one is not essential to efficiency in the other. In hiring out as a carpenter plaintiff impliedly represented himself as competent to perform the duties devolving upon workmen peculiar to that trade, and the employer might proceed on that theory, but from his undertaking to do carpenter work the company did not have the right necessarily to infer that he was familiar with the dangers in operating a buzzsaw. As said, plaintiff was without experience in the operation of machinery, and the jury might have found that he did not indicate anything to the contrary. He was not warned of the danger, and in the circumstances disclosed whether defendant was negligent in failing so to do, and whether he assumed the risk and was guilty of contributory negligence, were issues appropriate for the decision of the jury.

A somewhat similar accident was considered in *Woolf v. Nauman Co.,* 128 Iowa, 263; the person injured there being a child fourteen years old, instead of an expe-

3. SAME: duty to warn.

rienced adult as in this case. The decisions establishing the principle are too numerous for citation. It is well expressed in Labatt on Master and Servant, section 241: " On the one hand, the master may properly be found guilty of negligence whenever instruction was not given under circumstances which were of such a nature that he was not justified in acting on the assumption that the servant appreciated the risk involved, and that, on

the other hand, culpability cannot be predicated of the omission to give instruction if the master had good grounds for supposing that the servant understood the risk. Before an employer can be held liable for a failure to warn, there must be something to suggest to him that a warning is necessary. Unless this necessity was, or ought to have been, known to him, he is considered to be justified in acting upon the assumption that the servant understood the dangers to which he was exposed, and would take appropriate precautions to safeguard himself." The only difficulty is in the application, and all held is that the issue was for the jury.

III. Appellant insists that the instructions were contradictory. This is not so; but, if they were, in omitting a requirement of a finding that plaintiff did not assume the risk as essential to recovery, as in *Quinn v. Railway Co.,* 107 Iowa, 710, and like decisions, there was no prejudice. *Wilder v. Great Western Cereal Co.,* 130 Iowa, 263. As a finding that plaintiff was not aware of the danger was essential to the conclusion that defendant had been negligent in not warning him, and he must have been aware thereof before he could be held to have assumed the risk, the issue as to the assumption of the risk was included in that with reference to defendant's negligence, and there would have been no prejudice, even though the former had not been separately submitted.

*4. SAME: instructions.*

The record is without error, and the judgment is *affirmed.*