OF 'THE

## STATE OF IOWA

AT

### DES MOINES, JANUARY TERM, 1909.

AND IN THE SIXTY-THIRD YEAR OF THE STATE.

---

JOHN O'CONNELL v. F. SMITH & SON, Appellant.

**Master and servant:** FAILURE TO GUARD MACHINERY: NEGLIGENCE. The
1 statute requires that saws in manufacturing establishments, when
it can be done, shall be so guarded as to prevent injury to work-
men; and a failure to do so is negligence, irrespective of the
question of custom. In the instant case the evidence was such as
to show that defendant might have provided suitable protection
by means of a board or hood.

**Same:** ASSUMPTION OF RISK: CONTRIBUTORY NEGLIGENCE. An employee
2 operating a circular saw does not assume the risk of dangers not
appreciated. In the instant case assumption of the risk of danger
from flying particles of wood in the use of a circular saw, and of
plaintiff's negligence, were for the jury.

*Appeal from Clinton District Court.*—HON. D. V. JACK-
SON, Judge.

TUESDAY, NOVEMBER 17, 1908.

REHEARING DENIED THURSDAY, JANUARY 21, 1909.

ACTION for damages resulted in judgment against the defendant, from which it appeals.—*Affirmed.*

*Ellis & McCoy,* for appellant.

*Wolfe & Wolfe* and *C. H. George,* for appellee.

LADD, C. J.—Defendant is proprietor of a box factory in Clinton, and on June 29, 1906, plaintiff was operating a circular cross-cut saw therein, cutting rubbish for wood,

1. MASTER AND SERVANT: failure to guard machinery: negligence.

when the tooth of the saw caught a block, hurling it into his eye, destroying the sight. The saw extended through a groove in the table three or four inches above. Pieces of board were placed and held with the right hand on a carriage which was pressed toward the saw with the body and left hand. The parts not used were thrown in the woodpile, and those of value put aside on the table for use. The small blocks or pieces were cleaned away in the evening. There was no shield or guard on the saw. By chapter 149, Acts 29th General Assembly (see section 4999a, Code Supp. 1907), it is provided that "in all manufacturing or other establishments where machinery is used . . . all saws . . . shall be properly guarded." The evidence tended to show that a saw could be effectually guarded by hanging a board large enough to obstruct any pieces the teeth might catch and throw over between it and the operator, or by covering with a hood or box so placed that the material to be sawed could pass underneath, and that such appliances were proper to guard against injury to the operator. This evidence was practically undisputed; the defendant proceeding on the theory

that, unless saws were customarily guarded in similar fac-tories, it could not be charged with negligence.   There might be something in this position but for the enactment of the statute referred to.  The Legislature evidently con-cluded that the necessity of a guard ought not to depend on the custom of particular factories, but on that of those us-ing similar saws for like purposes, and, as many estab-lishments thoughtful for the safety of their employees had found it practical to guard different instruments including saws, all establishments where machinery is used should properly guard them.   The duty to guard saws, at least when practicable, is fixed by law.   The only inquiry left open is whether the guard is proper.   That other factories may have ignored this law furnishes no excuse to any one for not complying with its terms.   The evidence left little or no doubt but that to guard this and other saws in defendant's factory was practical, that either of the appli-ances mentioned would have furnished adequate protection without interfering with the operation of the saws, and therefore might have been found to have been proper.   It follows that in entirely omitting to provide any guard for the protection of the operator the defendant was negligent.

II.   Did plaintiff assume the risk?   He had been employed as a roustabout at this factory for the five years previous to the accident, and prior to that during vacations from attending school.   When those regu-larly operating machines were away, he often took their places, and in this way he had handled temporarily the planer, the matcher, the printer, the nailer, and for a day or a half day at a time the cross-cut saw on four or five different occasions, and during the week before the accident.   He had noticed the saw carry two or three little blocks over to the other side of it, but testified that he had never seen it throw any over with any degree of force, and that he was not aware of any danger to be apprehended therefrom.   Another witness who had

2. Same: assump-tion of risk: contributory negligence.

operated the saw several years testified that it would catch a block so as to hurl it with force only occasionally—about once a week. To do this, of course, the saw teeth must catch into the block somewhat firmly, and this would not be likely to occur frequently, so that plaintiff, though in the factory a long time, might not have appreciated the danger from this source. If he did not appreciate the danger, and the jury might so have found, then he did not assume the risk. See *Harney v. Chicago, etc., Railway Co.*, 139 Iowa, 359. Enough has been said to indicate that whether plaintiff was guilty of contributory negligence was for the jury. Several other errors are assigned and regarded as untenable, but, not being argued or noticed in the statement of propositions or points, are not reviewed.— *Affirmed.*