JOSEPH G. OBENCHAIN, Appellee, v. HARRIS & COLE BROTHERS, Appellant.

**Master and servant:** INJURY TO SERVANT: WARNING. Where a workman is subject to distinct perils a warning as to one peril may not, as a matter of law, be sufficient warning as to the other. As in this case where plaintiff, operating a ripsaw, was warned of a liability that the timber he was sawing might kick back such warning was not sufficient to cover peril arising from its being thrown forward, thus bringing his hand in contact with the saw.

**Same:** ASSUMPTION OF RISK: PLEADING. In this action the defendant denied the allegations of the petition and pleaded the assumption of the risks by plaintiff in his employment, one of which was the doing of acts alleged in the petition; and it is held that such allegations of assumption of risk added nothing to defendant's preceding general denial, and did not allege plaintiff's assumption of risk created or enhanced by defendant's failure to exercise reasonable care.

**Same:** FAILURE TO PROVIDE SAFETY APPLIANCES: NEGLIGENCE. Where it appeared that the saw which plaintiff was operating was not equipped with a divider in common use, which would have prevented the accident, the failure to provide the same was a violation of the statute requiring dangerous machinery to be equipped with safety appliances, and was negligence *per se*.

**Same:** SAFETY APPLIANCE: EVIDENCE. Under the evidence in this case the question of whether a certain safety appliance could have

been applied to the machinery with which plaintiff was working was for the jury.

**Same:** CONTRIBUTORY NEGLIGENCE: EVIDENCE. Under the evidence as to the manner in which plaintiff operated the saw with which he was at work the question of his negligent operation of the same was for the jury.

*Appeal from Black Hawk District Court.*—HON. C. E. RANSIER, Judge.

THURSDAY, JUNE 16, 1910.

ACTION at law to recover damages for personal injury. Judgment for plaintiff, and defendants appeal.— *Affirmed.*

*J. E. Williams,* for appellants.

*Pike & Knapp,* for appellee.

WEAVER, J.—The defendants are the proprietors of a factory in which they use various kinds of wood working machinery. The plaintiff was employed in one of their shops, and after he had served them about six days was injured in the manner hereinafter indicated.

The evidence on his part tends to show that at the time of the accident he was thirty-nine years of age, and prior to taking up this employment had been engaged in various lines of work. He had seen some service as a farmer, as a carpenter, as a motorman on the street cars, and as operator of an interlocking switch. He had also on former occasions worked for defendants in their glue-room and in piling lumber. He entered the service in which he was injured about March 4, 1908, and was told by defendants that their man who had operated a circular combination saw or ripsaw had quit, and for the time being

they would put him at that work. Upon his statement that he had no experience with such machinery he was told he would soon become used to it, and was directed to rip certain boards into sizes suitable for some device that was being manufactured in the shop. He was given general directions concerning the cutting of the boards and instructed that if he stood directly behind a board when sawing there was a liability of its "kicking back" and striking him in the stomach, and to avoid this danger he should remember not to stand directly behind the piece being fed into the saw. No other warning was given him. The saw was not protected by hood or shield, nor was the machine provided with a "spreader" or "divider" to prevent the gripping or pinching of the boards upon the saw. On the sixth day of this employment, a sudden moving or twisting of a board which he was then sawing had the effect to bring his hand against the revolving saw, resulting in an injury by which he lost a thumb and two fingers. According to his testimony, the board did not "kick back," but "jumped" or twisted to one side, a movement which the witness ascribed to the pinching of the board on the saw blade. The injury received is charged to defendant's negligence, and recovery of damages therefor is asked. The specifications of negligence are that defendants, knowing him to be inexperienced and unskilled in such employment, put him to work with said saw without proper instruction or warning concerning the danger attending its operation. It also alleges that defendants neglected to provide for his use in such service safe, suitable and proper machinery and tools, and neglected and failed to furnish any guard or protection against such accidents as provided by the statute, by reason of which negligence it is claimed that plaintiff, without fault on his part, was injured as above stated. The defendants, denying the allegations of the petition, further pleaded in the following words: "That by reason of his employment

and the services plaintiff was engaged to perform for the defendants, he assumed the risk incident to such employment, and that one of the risks of such employment was the doing of acts alleged in his petition, and he assumed by reason of such employment the injury of which he complains." The cause was tried to a jury, which returned a verdict for plaintiff, and from the judgment rendered thereon the defendant's appeal.

In argument in this court appellants' counsel confines his attention to four several propositions, which we shall briefly consider in the order of their statement in the brief.

I. It is said that the evidence without dispute shows plaintiff to have been warned against the very peril of which he complains, and that the allegation of negligence in this respect is conclusively negatived. We do not so read the record. The danger of which he was warned was that of a board being thrown backward from the saw and against his person, and not that of a board being thrown forward or upward drawing his hand into contact with the saw. As we understand the evidence of the construction and practical operation of the saw, these are distinct perils arising from different causes, or, if not arising from different causes, they are clearly different perils, and plaintiff's testimony tends to show that he was instructed as to one only. The very phrase "kicking back" indicated a force moving from the saw in the direction of the operator and not from the operator forward in the direction of the saw. The danger suggested was that of injury from a flying board, and the instruction to stand on one side of the line of its probable flight excluded the idea that he was then being warned of the liability of his hand being drawn or thrown forward against the saw. The sufficiency of the warning is not so clearly established as to enable the court to dispose of it as a matter of law, and there was

1. Master and servant: injury to servant: warning.

no error in submitting it to the jury. *Harney v. Railroad Co.,* 139 Iowa, 359; *Wilder v. Cereal Co.,* 130 Iowa, 263; *Lunde v. Cudahy,* 139 Iowa, 688.

II. It is further argued that in continuing to work after being warned of the danger plaintiff assumed the risk, regardless of defendant's failure to furnish guards or shield for the protection of their employees engaged in operating the saw. Our conclusion announced in the preceding paragraph, that the sufficiency of the warning given was a jury question, renders discussion of the objection here stated somewhat unnecessary. It may be well, however, to call attention to the fact that assumption of risk arising from defendants' negligence, if any, is not pleaded as a defense, and the case of *Sutton v. Bakery,* 135 Iowa, 390, so far as it treats of that subject, is not in point. Indeed, the primary and controlling proposition in that decision was the failure of the plaintiff to show himself free from contributory negligence, though other features of the case were incidentally touched upon. The allegation in the answer that plaintiff "assumed the risk incident to the employment" in which he was engaged added nothing whatever to the general denial which preceded it. As we have had frequent occasion to note, "assumption of risk" of the perils ordinarily incident to an employment where the master uses reasonable care for the safety of the servant is one thing, while "assumption of risk" from perils created or enhanced by the master's lack of reasonable care is another thing, and for the master to have the benefit of such defense it must be affirmatively pleaded and proved. The answer in this case alleges assumption of the risk first mentioned only, and thereby adds nothing to the issues. It does not plead assumption of the risk of defendants' negligence, and we can not therefore consider it. *Martin v. Light Co.,* 131 Iowa, 734; *Vohs v. Shorthill,* 130 Iowa, 544; *Steele v. Grahl,* 135 Iowa, 429; *Fitter v.*

2. SAME:
assumption
of risk:
pleading.

*Telpehone Co.,* 143 Iowa, 689; *Duffey v. Coal Co.,* 147 Iowa, 225.

There was evidence strongly tending to show that the ripsaw by which plaintiff was injured could have been protected by shields or guards, thereby increasing the safety of the employees operating it, and especially that the pinching of the board upon the saw could have been effectually avoided by the use of. a divider placed immediately in the rear of the saw and entering the channel cut in the wood. This attachment was shown to be in common use upon such saws when used for this kind of work. Failure to provide such protection was a violation of Code Supp. 1907, section 4999a2, and was therefore negligence *per se.* *O'Connell v. Smith,* 141 Iowa, 1.

3. SAME: failure to provide safety appliances: negligence.

As we have already pointed out, assumption of the risk thus negligently created is not pleaded, and we need not now undertake to decide whether such a plea can be made availing in any case where the statute so violated is one enacted for the special benefit of the employee, as distinguished from a measure which is primarily intended for the benefit of the public generally. That question has never been definitely decided by us, and we refrain from its discussion until a case is presented calling for its decision.

III. The appellants next say there is an entire absence of testimony showing that a divider could be practically applied and used on the particular kind of machine by which plaintiff was injured. There was ample evidence on this point to take the question to the jury. One witness at least says "the divider is in ordinary and common use upon such saws when used for ripping," and nearly all the expert witnesses speak of it as in general use and describe it in a manner to indicate its practicability in operating ripsaws generally. While the leading witness for the

4. SAME: safety appliance: evidence.

defendants says there has never been made a divider for "this kind of machine," and, though he has seen hundreds of "these machines," there is not one in this country "equipped with a divider," he does not say that such protection is not practicable or cannot be supplied. Giving the statements of appellants' witnesses their strongest effect, they do no more than raise an issue of fact which was for the jury alone to decide.

IV. Was the plaintiff guilty of contributory negligence as a matter of law? It is so contended for the appellants.' It is the theory of the defense that the board

5. SAME: contributory negligence: evidence.

plaintiff attempted to saw or the guiding board by which the width of the cut was being regulated was wider at one end than the other, and that the pinching of the saw was caused by the mistake or fault of plaintiff in putting the wrong end of the piece to the front, thereby creating a tendency to crowd or pinch upon the saw. An examination of the record makes it by no means clear that this is the true explanation of the accident. It is at best a theory which may be true. Even if true, we think the court can not say as a matter of law that the danger was so apparent or that plaintiff had been so long in this employment, that as a man of ordinary intelligence he ought to have known the peculiar danger, if any, caused by sawing the board from one end rather than the other.

No errors are assigned upon the introduction of testimony, and while exceptions were noted to the instructions, none are argued in this court. Upon a record so presented the chief inquiry must be whether the action is one in which, after giving the appellee the benefit of the most favorable inferences to be reasonably drawn from all the testimony, this court must say as a matter of law he has made no case. Upon each essential proposition we find there was evidence for the jury, and there is shown no reversible error making necessary another trial.

The judgment of the district court is *affirmed.*