## LEWIS LATMAN, Appellee, v. DOUGLAS & COMPANY, Appellant.

**Instructions:** SUBMISSION AND WITHDRAWAL OF ISSUES: PRESUMPTION.
1 Where the court in stating the issues includes therein all of the issues raised by the pleadings it should then specifically withdraw such issues as are not to be considered by the jury, to justify a refusal to submit instructions concerning the same. But where the court specifically sets out in its statement of the issues only those which the jury are directed to consider and omits those presented by the pleadings which are not proper to be submitted under the evidence, failure to withdraw the omitted issues or to specifically direct that no recovery may be had thereon is not erroneous; and the court on appeal will presume in favor of the action of the trial court that there was nothing in the course of the trial to indicate that reliance was placed on the omitted issues.

**Master and servant:** ASSUMPTION OF RISK. A servant operating unprotected machinery does not assume the risk unless the danger
2 in so doing is appreciated by him; and a requested instruction as to appreciation as an essential element of assumption of the risk should not be given.

**Same:** INJURY TO SERVANT: EVIDENCE. Where, as in this action, a
3 servant was seeking recovery for permanent injury, evidence that a physician stated to him that he could not help him and that he might have to undergo an operation was not prejudicial to defendant, on the ground that it introduced an uncertain and speculative element of damage.

**Evidence:** WHEN NOT RESPONSIVE: REMEDY. Where the answer of a
4 witness is not responsive to a question relating to a proper matter of inquiry the remedy is by motion to strike the answer.

**Personal injury:** EVIDENCE: PREJUDICE. Where evidence relating to
5 a personal injury shows that the only relief which could be afforded was by an operation, any error in admitting evidence as to the expense of such an operation was not prejudicial.

**Same:** EXCESSIVE VERDICT. Where the verdict in a personal injury
6 action is supported by the evidence it will not be disturbed as excessive merely because other evidence did not justify the damages awarded.

*Appeal from Cedar Rapids Superior Court.—HON. JAMES H. ROTHROCK, Judge.*

WEDNESDAY, SEPTEMBER 21, 1910.

ACTION to recover damages for personal injuries received by plaintiff while in defendant's employ. There was a verdict for plaintiff, and from judgment thereon defendant appeals.—*Affirmed.*

*Dawley & Wheeler,* for appellant.

*Barnes & Chamberlain,* for appellee.

McCLAIN, J.—Plaintiff was taken into the employment of the defendant with the understanding that he was familiar with woodworking machinery, and was directed to assist another employee in working about a circular saw. Later he was allowed to work for himself with the saw in cutting short pieces of lumber for making boxes. While engaged in ripping a piece of 2 x 4 about three feet in length with a circular saw twenty-four inches in diameter without any kind of spreader, hood, or safety rollers, the end of the piece which was further from him was caught by the teeth of the saw and thrown upward and backward with great force, striking him in the abdomen, causing peritonitis, as a result of which he suffered great pain and was confined in the hospital and afterwards in bed for several weeks. There was some evidence to show that the injury resulted in adhesions of the intestines which permanently incapacitated him from work. The grounds of negligence alleged were the failure to provide safety appliances and neglecting to warn plaintiff of the danger of operating the saw without such appliances. The defendant denied the allegation of negligence, and alleged assumption of risk. The case was submitted to the jury on the allega-

tions as to negligence in failing to provide safety appliances, and also on the questions raised as to contributory negligence and assumption of risk. There was a verdict for the plaintiff in the sum of $5,000.

I.   No complaint is made as to the instructions given to the jury, but it is contended that the court erred in failing to give two instructions asked to the effect that under the evidence the defendant was not bound to warn or instruct plaintiff as to the danger of the work which was open, plain, and obvious. It may be conceded that the instructions asked should have been given if the issue as to negligence in failing to warn was before the jury in any such way that the verdict could have been predicated on such negligence; but the contention for the appellee is that no such issue was before the jury, and that instructions such as those asked by the defendant on the subject were unnecessary. The court in stating the issues did not include failure to warn as one of the grounds of negligence relied upon by the plaintiff, and no reference is made in the instructions to any such issue. Therefore it was not error to refuse the instructions asked relating to that issue, unless it may be for the reason that the issue was presented in the pleadings, although not referred to by the court in the statement of the issues, or because there was evidence in the record not excluded from the consideration of the jury relating to such issue. It is plain that if the court had stated to the jury all the issues raised by the pleadings, as it might have been justified under some circumstances in doing, then it should have explicitly withdrawn the issue of failure to warn or directed that such issue was not to be considered to justify it in refusing to submit the instruction asked on that question. *Shebeck v. National Cracker Co.,* 120 Iowa, 414; *Owen v. Owen,* 22 Iowa, 27.

But where the court specifically sets out in its statement

*(margin note: 1. INSTRUCTIONS: submission and withdrawal of issues: presumption.)*

of the issues those which the jury are directed to consider and omits in this statement issues presented by the pleadings which it deems not proper to be submitted under the evidence, we do not think that it commits error in failing to withdraw the omitted issues from the jury's consideration or to specially direct the jury that no recovery can be had on such issues. It is to be presumed that the jury will be guided by the instructions of the court, and will not take into account issues presented in the pleadings which are not submitted to them for determination. The jury has nothing to do with the pleadings. It is suggested that, in the opening statement, counsel for plaintiff may have referred to the issues presented by the pleadings, but there is nothing in this record to indicate that there was any such opening statement to the jury. Had it appeared necessary in view of such opening statement or indeed in view of the general tenor of the evidence to instruct the jury not to consider the issues not submitted, the court would no doubt have given such instruction. We must presume in favor of the action of the lower court that there was nothing in the course of the trial to indicate to the jury that the duty to warn was relied upon by the plaintiff. There is evidence which would have been pertinent on the issue as to the duty to warn, but it was also pertinent on the issues as to the assumption of risk and contributory negligence, and we find nothing in the record to indicate that the jury could have been misled into considering this evidence as bearing upon an issue not submitted.

II. Complaint is also made of a refusal to give an instruction asked by defendant in regard to the assumption of risk as to the failure to provide feed rollers, which failure was necessarily apparent to the plaintiff. But the instruction was wholly erroneous in failing to include appreciation by plaintiff of the danger incident to the absence of feed

2. MASTER AND SERVANT: assumption of risk.

rollers as an essential element of the assumption of risk. *Harney v. Chicago, R. I. & P. R. Co.,* 139 Iowa, 359; *O'Connell v. Smith,* 141 Iowa, 1. No complaint is made as to the instructions given in relation to this defense.

III.  Plaintiff as a witness was allowed to testify over defendant's objections that a doctor, after making an examination of plaintiff's abdomen at a time subsequent to

3. SAME:
  injury to
  servant:
  evidence.

the injury, told him that he could not help him, and that he might have to have an operation which would cost from \$200 to \$600, and necessitate confinement probably for two months. The objection raised to this testimony is that it introduced into the case an improper element of damage, inasmuch as the necessity for an operation was uncertain and speculative. But the plaintiff was asking recovery for permanent injury, and, as it appeared that permanent disability might be removed by such an operation, the tendency of the evidence was rather in defendant's favor. We can not see how the jury could have taken this element of damage into consideration and at the same time concluded that the injury to the plaintiff was permanent. On an examination of the entire record we fail to discover how the evidence could have been prejudicial.

But, even if the evidence was prejudicial, the objection to it does not seem to have been properly raised in the trial court. The first question objected to called for

4. EVIDENCE:
  when not
  responsive:
  remedy.

a statement from the witness as to what the doctor told him with reference to how he should hold his stomach, and there is no complaint that the question itself related to a matter that was improper. The suggestion as to an operation was not in response to the question, and, if the answer was improper, defendant should have moved to strike it out. This was not done.

As to the objection made to the testimony of two physicians with reference to the expense involved in such

an operation, it is sufficient to say that there was testi-
mony in the record not objected to that
the only relief which could be afforded
plaintiff was by such an operation, and we
can see no prejudicial error in allowing this testimony,
relating to what such an operation would cost.

5. PERSONAL
INJURY:
evidence:
prejudice.

IV. It does not appear from the record that the
verdict was excessive if the jurors believed the evidence
offered for the plaintiff. If the testimony of the physicians
who were witnesses for the defendant is to
be accepted then the verdict was grossly ex-
cessive, for according to such testimony plaintiff suffered
no permanent injury, and at the time of the trial had
entirely recovered from the effects of his peritonitis. But
the question was plainly one for the jury.

6. SAME: exces-
sive verdict.

Finding no error in the record, the judgment is
*affirmed.*