NELS HANSEN, Appellant, v. WALTER JENSEN, Appellee.

NEGLIGENCE: Acts Constituting—Vicious and Runaway Team. Evi-
1  dence held insufficient to establish that a team of horses in question were vicious and addicted to running away.

NEGLIGENCE: Acts Constituting—Failure to Warn Employee. An
2  employer is not negligent in failing to warn an experienced farm hand of the danger of going in front of a team of horses when the employee had full knowledge of the temperamental condition of the team.

Headnote 1: 39 C. J. p. 1058. Headnote 2: 39 C. J. p. 512.

Headnote 1: 23 L. R. A. (N. S.) 172; 1 R. C. L. 1180. Headnote 2: 3 L. R. A. (N. S.) 209; 23 A. L. R. 880.

*Appeal from Humboldt District Court.*—JAMES DELAND, Judge.

### DECEMBER 13, 1927.

Action to recover for personal injury. Plaintiff was an employee of defendant's as a farm hand, and was injured as the result of a team's running away. The trial court directed a verdict for the defendant. Plaintiff appeals.—*Affirmed.*

*Mitchell & Jaqua,* for appellant.

*Lovrien & Lovrien,* for appellee.

FAVILLE, J.—At the time of the transaction involved in this action, appellant was 18 years of age. He was born and reared on a farm in Humboldt County, and was familiar with farm work. He was hired by the appellee as a farm hand, to do the ordinary and usual work upon appellee's farm. After appellant went to work on such farm, the appellee bought a span of colts, about three or four years of age. After the colts were purchased, appellee and another party broke the colts to drive. They were purchased about a month before the injury to appellant. Appellant took no part in breaking the colts, but knew what had been done in this regard. On the day in question, the appellee directed the appellant to take four horses and disc a field. One of the horses had been used on the race track at some time, and one was a light driving horse. These two, with the two colts in question, were hitched to the disc, the two colts being in the middle. When appellant took the horses out to work, the appellee told him to be careful. He worked with the team and disked for about three hours during the forenoon. After the noon hour, he discovered that there was a sore on the shoulder of one of the colts. He called the appellee's attention to this, and the appellee informed him that he had no other collar to put on the colt, and that the appellant should watch it during the afternoon, and lift up the collar at times, and let air in on the sore-place, and take the mane out

from under the collar. In the course of the afternoon, the appellant did this, while working in the field. In order to do so, he tied the lines to the lever of the disc, and walked in front of the team. He had been operating the disc about three hours in the afternoon; and about four o'clock, as he had previously done, he tied the lines to the lever, and went in front of the team, to lift the collar of the colt with the sore shoulder. While he was engaged in this act, the team lunged forward, and knocked the appellant down, and the disc passed over him, causing the injury of which he complains.

The appellant alleged that his injury resulted from the negligence of the appellee in the following particulars:

"In furnishing to the plaintiff a vicious and runaway team with which to operate said disc, and without instructions or warning to plaintiff; in furnishing to plaintiff an animal that, because of its condition,—to wit, its sore neck,—was vicious and dangerous; in failing to warn and instruct the plaintiff of the danger of going in front of said disc to examine said animal's neck, when the defendant well knew the wild and vicious character of said animal; in failing to warn and instruct plaintiff in the use and handling of said team and disc, * * * and defendant provided no weight or other instrument for fastening the team or lines, after he had ordered the plaintiff to go around in front of the team and lift up the collar on one side of the colts, and that the defendant was negligent in not furnishing said weight or instrument."

The evidence wholly fails to show that the team in question was a "vicious and runaway team." There was evidence tending to show that, some three or four days before the accident, the appellee had hitched the colts in question to a wagon, and that they had started to run in the yard, and that he drove them into the side of the barn. The appellant had seen this. There is evidence of a witness that the appellee had stated to him that he had bought "a runaway team of colts," but the witness did not know whether the appellee had said it in a joking way or not. Upon this record, there was no sufficient evidence to sustain the allegation of the petition that the team furnished the appellant for work was a vicious and runaway team. They were

1. NEGLIGENCE: acts constituting: vicious and runaway team.

not shown to be "vicious," nor were they "a runaway team," as that term is ordinarily used.

Neither was there proof of negligence "in furnishing to appellant an animal that, because of its condition,—to wit, its sore neck,—was vicious and dangerous." The appellant knew the condition of the colt as well as did the appellee. Appellant was familiar with the handling of horses. He had driven this team upon the disc all of the forenoon of the day in question, before he discovered the sore on the colt's neck. The appellee advised him to ease the sore by lifting the collar and permitting the air to come to the sore spot occasionally, and this the appellant did, during the period of several hours in the afternoon until the accident occurred. There was nothing about the condition that made the animal "vicious," so that a duty rested upon the appellee to warn the appellant of any such propensity.

There was no negligence in failing to warn and instruct the appellant of the danger of going in front of the disc, to examine the animal's neck. The appellant was an experienced

2. NEGLIGENCE: acts constituting: failure to warn employee.

farm hand, and was accustomed to driving teams in the ordinary operation of farm work. He could not hitch or unhitch the team without going in front of the disc to attach the neck yoke, in practically the same position in which he would be placed when he went to raise the collar on the colt's shoulder. There was no negligence on the part of the appellee in failure to instruct the appellant in regard to the danger of going in front of a team hitched to a disc. The appellant was 18 years of age, and had lived all of his life on a farm, and was familiar with the work he was doing. The appellant testified that he was hired to do the usual and ordinary work done by farm hands on a farm. That is exactly what he was doing at the time of this injury. He knew the condition of the team that he was to drive; he made no objection or protest whatever; and it was in the ordinary and usual course of the farm work, with which he was perfectly familiar. Appellant failed to sustain the allegations of his petition upon any ground of negligence therein alleged.

The court did not err in directing a verdict in behalf of the appellee, and the judgment appealed from must be, and it is,— *Affirmed.*

EVANS, C. J., and STEVENS, KINDIG, and WAGNER, JJ., concur.