James D. Laws, Appellant, v. Charles L. Richards, Appellee.

No. 40303.

JUNE 23, 1930.

Prichard & Prichard, for appellant.

Underhill & Miller and Jepson, Struble & Sifford, for appellee.

DE GRAFF, J.—The plaintiff-appellant was employed by the defendant as a general farm hand, and had been in the service of the defendant for a year prior to the time of the personal injury giving rise to the damages in suit. The plaintiff was 29 years of age at the time of the accident, which happened February 2, 1929. During the week preceding the injury, it had been sleeting and snowing, raining, thawing, and freezing, and the roads between the farm and the town of Sloan, Iowa, were icy and snowy. On the first of February, 1929, the plaintiff was told by the defendant that, on the following day, he (defendant) would ship a load of cattle, and that plaintiff should get the horses in readiness to drive the cattle from the farm to the stockyards at Sloan, Iowa, about three miles distant. The plaintiff and another farm hand, by the name of Riley, proceeded to get the horses ready, and to sort out the cattle to be shipped. On the next morning, the cattle were driven from the yard into the road, with the defendant in an auto ahead of the cattle, and the plaintiff and Riley in the rear, on horseback. Shortly after the cattle were turned into the road, something caused them to stampede, and they went through a fence, and returned to the

barnyard. Plaintiff assigned as a reason for his inability to handle the cattle that the roads were slippery, and the horse that he was riding was unshod. At the time the cattle left the road and started on their return to the yard, plaintiff got off his horse, led it back to the house, and temporarily tied it. The defendant-employer also came back, and asked the plaintiff, "What is the matter, you didn't take care of these cattle?" Plaintiff replied: "We couldn't head those cattle on account of the condition of these roads; it is too icy. I could do nothing with this horse at all." The defendant then said to both of the hired hands, "You have to ride the horse; you can do nothing without them." The cattle were then re-sorted, and the defendant and the two helpers started down the road. Plaintiff rode behind the cattle until about three blocks from the stockyards at Sloan, where it became necessary to cross a railroad track. Plaintiff went ahead, under the instructions of defendant, in order to turn the cattle north toward the stockyards. He rode ahead to the track, and there remained stationary "until the cattle were about half by." Plaintiff testified:

"My horse started to move. She couldn't move; her feet slipped right out from under her. I saw it was going to catch me in the knee, but my foot was fastened in the stirrup, and I couldn't get away, and it caught me right there [indicating], shattering both bones in my leg."

The evidence discloses that the plaintiff had been doing farm work for 15 years prior to the time of his injury. He was born and reared on a farm, and was familiar with farm work and the handling of live stock. He had handled and ridden horses during all of his farm experience. He knew that the ground and roads at times during the winter season became covered with snow, sleet, and ice. Plaintiff knew the condition of the ground and the roads at the time in question, and, as pointed out, had been notified the day before what the defendant intended to do. He knew that the horse he had selected to ride was unshod.

The foregoing constitutes the material facts offered by plaintiff to sustain his cause of action. Defendant, at the close of all the plaintiff's testimony, moved the court to direct a verdict in his favor, and, briefly summarized, the motion was based upon the following grounds, to wit:

(1)   Failure to show any actionable negligence on the part of defendant.

(2)   Contributory negligence on the part of plaintiff.

(3)   Affirmative showing that plaintiff was as familiar as the defendant with the acts and things complained of, on which he predicates liability.

(4)   The evidence considered as a whole does not establish plaintiff's right to recover.

(5)   It is affirmatively shown that plaintiff was experienced in the handling of horses, knew the dangers, if any, of using or riding an unshod horse, and was thoroughly familiar with weather conditions and conditions of the road.

(6)   A verdict, if returned, should be set aside by the court.

(7)   Plaintiff assumed all the risks, hazards, and dangers in this particular instance, the same being incident to his employment, open, patent, and observable to him, to the same extent as to the defendant, and as well known and as fully appreciated by him as by defendant.

The sole question then is, Did the trial court, under the facts and circumstances, correctly rule the motion to direct a verdict? Many times this court has announced the general doctrine that all risks that are naturally incident to or inherent in the work or labor of an employee are assumed by such employee, and that such assumption of risk does not have to be pleaded by the employer. See *Martin v. Des Moines Edison Light Co.*, 131 Iowa 724; *Hansen v. Jensen*, 204 Iowa 1063; *Vohs v. Shorthill & Co.*, 130 Iowa 538; *Duffey v. Consolidated Block Coal Co.*, 147 Iowa 225; *Obenchain v. Harris & Cole Bros.*, 148 Iowa 86.

It is true that, when a master orders a servant to perform a particular piece of work, the latter has a right to assume that the former, with his superior knowledge of the facts, would not expose the servant to unnecessary perils. The servant has a right to rest upon the assurance that there is no danger, which assurance is implied by such order. See *Hardy v. Chicago, R. I. & P. R. Co.*, 149 Iowa 41. In the foregoing case, a superintendent of the work of excavating an embankment by means of blasting with dynamite directed an employee to perform a service in a place of great peril, and it was held that the servant was justified in relying upon the knowledge of his superior, and might

assume that it was safe to obey his order, and would be deemed to have exercised ordinary care in so doing. Decisions involving places of danger and unusual peril are not in the category of the case at bar. See *Herr v. Green*, 156 Iowa 532; *Warner v. Spalding & Kearns*, 186 Iowa 137. The assumption of risk by a servant which arises from the master's negligence is, in such cases, an affirmative defense, and must be pleaded in answer, and sustained by a preponderance of the evidence. When, however, it is shown that the servant knew, or, as a reasonably prudent person of his age and experience, should have known and appreciated the peril to which he was exposed, the question of a servant's assumption of the risk is one of law. *Mace v. Boedker & Co.*, 127 Iowa 721. The appellee here contends that, if there was any negligence whatever on his part in permitting the plaintiff to drive said cattle on horseback with an unshod horse, then the appellant assumed all risk in so doing, as he well knew and apprehended at the time whatever danger or risk of injury there was in driving said cattle in that manner. Illustrative of the major contention involved, some language of the opinion in *Martin v. Des Moines Edison Light Co.*, 131 Iowa 724 (supra), may be quoted:

"While the servant, in entering upon and exercising the employment, may rightfully take it for granted that the master's duty with reference to his safety has been and will continue to be performed, yet if he knows that the master is in fact negligent in any respect, or if such negligence is so patent or obvious that, as a person of ordinary capacity, he ought to know it and to appreciate the danger therefrom, and with such knowledge he continues in the service without any promise on the part of the master to remedy or remove the defect, then he is said to have 'assumed the risk' of the master's negligence, and cannot recover for injury resulting to himself therefrom."

We conclude, in the light of the facts in evidence and the applicable law, that the trial court properly directed a verdict in favor of the defendant. It results, therefore, that the judgment entered must be, and is,—*Affirmed*.

All the justices concur.